## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

MOLLY DURBIN, individually, and as
guardian and parent of E.D., a minor,
and as guardian and parent of A.D., a minor,

    Plaintiffs,

v.                                    CASE NO:    8:22-cv-00616

UNITED STATES OF AMERICA

    Defendant,
_____/

## **COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT**

Plaintiffs, MOLLY DURBIN, individually, and as guardian and parent of E.D., a minor, and as guardian and parent of A.D., a minor, file this Complaint against Defendant, UNITED STATES OF AMERICA, and state as follows:

### **GENERAL ALLEGATIONS**

1. At all times material this action, Plaintiff, MOLLY DURBIN, individually, resided in Lutz, Pasco County, Florida.

2. At all times material hereto, Plaintiff, MOLLY DURBIN, was and is the natural guardian and mother of E.D., who resided in Lutz, Pasco County, Florida at all times material hereto.

3. At all times material hereto, Plaintiff, MOLLY DURBIN, was and is the natural guardian and mother of A.D., who resided in Lutz, Pasco County, Florida at all times material hereto.

4.	Defendant, UNITED STATES OF AMERICA, is the duly constituted and sovereign government of the United States of America.

5.	At all times material hereto, Defendant, UNITED STATES OF AMERICA, operated and/or controlled the United States Postal Service.

6.	At all times material to this complaint, Defendant, UNITED STATES OF AMERICA, controlled, employed, and retained BYUNG GI HONG as United States of America's joint venturer, agent, servant, employee, and/or ostensible agent of the UNITED STATES OF AMERICA/ United States Postal Service.

7.	BYUNG GI HONG at all times material to this complaint acted within the course and scope of his office, agency and/or employment with Defendant, UNITED STATES OF AMERICA.

8.	This court has jurisdiction over Plaintiffs' claims under the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346(b)(l) and 2671 et seq., for the reason that the Plaintiffs' claims accrued after January 1, 1945 and are for money damages for personal injury and loss of property that were proximately caused by the negligent and wrongful acts and omissions of employees of the federal government while acting within the scope of their office and employment.

9.	Venue is proper in this court pursuant to 28 U.S.C.A. § 1391(e) for the reason that a substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred within this judicial district, and the Plaintiffs reside in this judicial district.

10.	On or about April 30, 2019, Plaintiff, MOLLY DURBIN, owned, operated, controlled, and drove a vehicle at the location of Willow Bend Parkway in Lutz, Hillsborough County, Florida.

11. On or about April 30, 2019, BYUNG GI HONG, operated, controlled, and drove a vehicle belonging to the Defendant, UNITED STATES OF AMERICA, at the location of White Hawk Trail approaching Willow Bend Parkway in Lutz, Hillsborough County, Florida.

12. On April 30, 2019, the vehicle driven by BYUNG GI HONG struck the vehicle driven by Plaintiff, MOLLY DURBIN, causing injury to Plaintiff, MOLLY DURBIN, and her two children, E.D. and A.D.

13. At the time the vehicle driven by BYUNG GI HONG struck Plaintiff, BYUNG GI HONG was operating the vehicle in an unlawful and negligent manner.

14. The above-described incident was caused by the negligence and carelessness of Defendant, UNITED STATES OF AMERICA, through BYUNG GI HONG, its joint venturer, agent, servant, employee, and/or ostensible agent, and was not due in any way to any act or failure to act on the part of the Plaintiffs.

15. The carelessness and negligence of Defendant, UNITED STATES OF AMERICA, through BYUNG GI HONG, its joint venturer, agent, servant, employee, and/or ostensible agent, increased the risk of harm to Plaintiffs and was the direct and proximate cause of the injuries and damages suffered by Plaintiffs.

16. As a direct and proximate result of the carelessness and negligence of Defendant, UNITED STATES OF AMERICA, through BYUNG GI HONG, its joint venturer, agent, servant, employee, and/or ostensible agent, Plaintiff, MOLLY DURBIN, and her two children E.D. and A.D., sustained serious permanent and disabling personal injuries, as set forth more fully below.

17. Defendant, UNITED STATES OF AMERICA, is liable for personal injury caused by the negligent or wrongful acts and omissions of any deemed employee of the federal

government while acting within the scope of their office or employment pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671 et seq., to the extent the Federal Tort Claims Act constitutes a waiver by defendant United States of America of the federal government's immunity from liability in tort.

18. Plaintiffs have fully complied with all conditions precedent to the maintenance of this action, including the provisions of 28 U.S.C. §2675 of the Federal Tort Claims Act.

**COUNT I – AUTOMOBILE NEGLIGENCE/ RESPONDEAT SUPERIOR/ DANGEROUS INSTRUMENTALITY – FEDERAL TORT CLAIMS ACT**
(MOLLY DURBIN v. UNITED STATES OF AMERICA)

19. The Plaintiff, MOLLY DURBIN, realleges paragraphs 1 through 18 above as if more fully set forth herein and further alleges:

20. On or about April 30, 2019, BYUNG GI HONG operated the vehicle which he was driving, with the consent and knowledge of Defendant, UNITED STATES OF AMERICA.

21. On or about April 30, 2019, BYUNG GI HONG was acting within the course and scope of his joint venture, agency and/or employment, with Defendant, UNITED STATES OF AMERICA.

22. On or about April 30, 2019, the vehicle operated by BYUNG GI HONG was owned by Defendant UNITED STATES OF AMERICA.

23. On or about April 30, 2019, BYUNG GI HONG negligently operated and/or carelessly maintained or controlled said motor vehicle so that it collided with the motor vehicle being driven by the Plaintiff, MOLLY DURBIN.

24. As a direct and proximate result of the above-referenced negligence, Plaintiff, MOLLY DURBIN was caused to sustain severe, continuing and permanent injuries, including a significant and a permanent loss of an important bodily function, and/or a permanent injury within

a reasonable degree of medical probability and/or, a significant and permanent scarring and disfigurement, and has in the past, and will in the future suffer from the effects of said injuries, including pain and suffering, loss of the capacity for the enjoyment of life and has been and will be caused in the future to incur expenses in the care and treatment of said injuries.

25. Plaintiff, MOLLY DURBIN has sustained past and future medical expenses as a result of the April 30, 2019 accident.

26. Plaintiff, MOLLY DURBIN has sustained past lost wages as a result of the April 30, 2019 accident.

27. Plaintiff, MOLLY DURBIN lost the capacity to earn wages in the future as a result of the April 30, 2019 accident.

28. As a result of the April 30, 2019 accident, Plaintiff, MOLLY DURBIN has been caused to activate and/or aggravate certain pre-existing conditions.

29. Alternatively, should it be determined at the trial of this cause that Plaintiff, MOLLY DURBIN has not sustained any permanent injury as a result of the negligence of BYUNG GI HONG, or has not otherwise satisfied the threshold requirements of the Florida No-Fault Act, Plaintiff, MOLLY DURBIN has nonetheless incurred or experienced certain economic losses as a direct and proximate result of the negligence of Defendant, which has not been reimbursed by any collateral source.

30. As the owner of the vehicle being operated by BYUNG GI HONG, under the dangerous instrumentality doctrine, Defendant, UNITED STATES OF AMERICA, is liable for all damages caused by the negligence of BYUNG GI HONG in the operation, control and/or maintenance of UNITED STATES OF AMERICA's motor vehicle.

31. Under the respondeat superior doctrine, Defendant, UNITED STATES OF AMERICA, is liable for all damages caused by the negligence of BYUNG GI HONG, who was acting within the course and scope of his joint venture, agency and or employment with Defendant at the time of the accident at issue.

WHEREFORE, the Plaintiff, MOLLY DURBIN, prays that judgment be entered in her favor for medical expenses, lost wages, loss of the capacity to earn wages, pain and suffering, future impairment, and loss of enjoyment of life, along with costs and attorney's fees incurred in this civil action, together with such further and additional relief at law or in equity that this Court may deem proper.

### COUNT II – AUTOMOBILE NEGLIGENCE/ RESPONDEAT SUPERIOR/DANGEROUS INSTRUMENTALITY – FEDERAL TORT CLAIMS ACT
(MOLLY DURBIN, as guardian of E.D. v. UNITED STATES OF AMERICA)

32. The Plaintiff, MOLLY DURBIN, as guardian of E.D., a minor child, realleges paragraphs 1 through 18 above as if more fully set forth herein and further alleges:

33. On or about April 30, 2019, BYUNG GI HONG operated the vehicle which he was driving, with the consent and knowledge of Defendant, UNITED STATES OF AMERICA.

34. On or about April 30, 2019, BYUNG GI HONG was acting within the course and scope of a joint venture, agency and/or employment, with Defendant, UNITED STATES OF AMERICA.

35. On or about April 30, 2019, the vehicle operated by BYUNG GI HONG was owned by Defendant UNITED STATES OF AMERICA.

36. On or about April 30, 2019, BYUNG GI HONG negligently operated and/or carelessly maintained or controlled said motor vehicle so that it collided with the motor vehicle being driven by the Plaintiff, MOLLY DURBIN.

37. As a direct and proximate result of the above-referenced negligence, E.D. was caused to sustain severe, continuing and permanent injuries, including a significant and a permanent loss of an important bodily function, and/or a permanent injury within a reasonable degree of medical probability and/or, a significant and permanent scarring and disfigurement, and has in the past, and will in the future suffer from the effects of said injuries, including pain and suffering, loss of the capacity for the enjoyment of life and has been and will be caused in the future to incur expenses in the care and treatment of said injuries.

38. E.D. has sustained past and future medical expenses as a result of the April 30, 2019 accident.

39. Alternatively, should it be determined at the trial of this cause that E.D. has not sustained any permanent injury as a result of the negligence of BYUNG GI HONG, or is not otherwise satisfied the threshold requirements of the Florida No-Fault Act, E.D. has nonetheless incurred or experienced certain economic losses as a direct and proximate result of the negligence of Defendant, which has not been reimbursed by any collateral source.

40. As the owner of the vehicle being operated by BYUNG GI HONG, under the dangerous instrumentality doctrine, Defendant, UNITED STATES OF AMERICA, is liable for all damages caused by the negligence of BYUNG GI HONG in the operation, control and/or maintenance of UNITED STATES OF AMERICA's motor vehicle.

41. Under the respondeat superior doctrine, Defendant, UNITED STATES OF AMERICA, is liable for all damages caused by the negligence of BYUNG GI HONG, who was acting within the course and scope of a joint venture, agency and or employment with Defendant at the time of the accident at issue.

WHEREFORE, the Plaintiff, MOLLY DURBIN, as guardian of E.D., a minor child, prays that judgment be entered in her favor for medical expenses, lost capacity to earn wages, pain and suffering, future impairment, and loss of enjoyment of life, along with costs and attorney's fees incurred in this civil action, together with such further and additional relief at law or in equity that this Court may deem proper.

**COUNT III – AUTOMOBILE NEGLIGENCE/ RESPONDEAT SUPERIOR/DANGEROUS INSTRUMENTALITY – FEDERAL TORT CLAIMS ACT**
(MOLLY DURBIN, as guardian of A.D. v. UNITED STATES OF AMERICA)

42. The Plaintiff, MOLLY DURBIN, as guardian of A.D., a minor child, realleges paragraphs 1 through 18 above as if more fully set forth herein and further alleges:

43. On or about April 30, 2019, BYUNG GI HONG operated the vehicle which he was driving, with the consent and knowledge of Defendant, UNITED STATES OF AMERICA.

44. On or about April 30, 2019, BYUNG GI HONG was acting within the course and scope of a joint venture, agency and/or employment, with Defendant, UNITED STATES OF AMERICA.

45. On or about April 30, 2019, the vehicle operated by BYUNG GI HONG was owned by Defendant UNITED STATES OF AMERICA.

46. On or about April 30, 2019, BYUNG GI HONG negligently operated and/or carelessly maintained or controlled said motor vehicle so that it collided with the motor vehicle being driven by the Plaintiff, MOLLY DURBIN.

47. As a direct and proximate result of the above-referenced negligence, A.D. was caused to sustain severe, continuing and permanent injuries, including a significant and a permanent loss of an important bodily function, and/or a permanent injury within a reasonable degree of medical probability and/or, a significant and permanent scarring and disfigurement, and

has in the past, and will in the future suffer from the effects of said injuries, including pain and suffering, loss of the capacity for the enjoyment of life and has been and will be caused in the future to incur expenses in the care and treatment of said injuries.

48. A.D. has sustained past and future medical expenses as a result of the April 30, 2019 accident.

49. Alternatively, should it be determined at the trial of this cause that A.D has not sustained any permanent injury as a result of the negligence of BYUNG GI HONG, or has not otherwise satisfied the threshold requirements of the Florida No-Fault Act, A.D. has nonetheless incurred or experienced certain economic losses as a direct and proximate result of the negligence of Defendant, which has not been reimbursed by any collateral source.

50. As the owner of the vehicle being operated by BYUNG GI HONG, under the dangerous instrumentality doctrine, Defendant, UNITED STATES OF AMERICA, is liable for all damages caused by the negligence of BYUNG GI HONG in the operation, control and/or maintenance of UNITED STATES OF AMERICA's motor vehicle.

51. Under the respondeat superior doctrine, Defendant, UNITED STATES OF AMERICA, is liable for all damages caused by the negligence of BYUNG GI HONG, who was acting within the course and scope of her joint venture, agency and or employment with Defendant at the time of the accident at issue.

WHEREFORE, the Plaintiff, MOLLY DURBIN, as guardian of A.D., a minor child, prays that judgment be entered in her favor for medical expenses, lost capacity to earn wages, pain and suffering, future impairment, and loss of enjoyment of life, along with costs and attorney's fees incurred in this civil action, together with such further and additional relief at law or in equity that this Court may deem proper.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished to the Defendant via service of process.

                                          CATANIA & CATANIA, P.A.

                                          /s/ *Desiree M. Zornow*
                                          DESIREE M. ZORNOW, ESQUIRE
                                          FBN: 0095670
                                          efiling@cataniaandcatania.com
                                          faith@cataniaandcatania.com
                                          Bank of America Plaza, Suite 2400
                                          101 E. Kennedy Boulevard
                                          Tampa, FL 33602
                                          813/222-8545
                                          Attorney for Plaintiff